JOSEPH T. MCNALLY
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAUL B. GREEN (Cal. Bar No. 300847)
Assistant United States Attorney
ZAKARIYA K. VARSHOVI (Cal. Bar No. 349731)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0805 / -3994
    Facsimile: (213) 894-7819
    E-mail: Paul.Green@usdoj.gov
           Zakariya.Varshovi@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY, and DOES 1 to 10,<br><br>    Defendants. | No. CV 23-04451<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Related to Case No. 2:19-cv-10262-MWF-E] |

1

Plaintiff, United States of America, alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises out of the "Creek Fire," a wildfire that ignited within or adjacent to the Angeles National Forest on December 5, 2017 and burned approximately 15,000 acres of land. The United States brings claims against defendant Southern California Edison Company ("SCE") for over $40 million in damages.

## PARTIES

2. Plaintiff United States owns National Forest System lands in Los Angeles County, California. The United States Department of Agriculture Forest Service, which is an agency and instrumentality of the United States, protects, controls, supervises, and administers this land.

3. Defendant SCE was and is a public utility organized and existing under the laws of the State of California, including but not limited to relevant sections of the Public Utilities Code. SCE is "primarily engaged in the business of supplying and delivering electricity through SCE's electrical infrastructure to an approximately 50,000 square-mile area of southern California."[1]

4. Doe Defendants 1 to 10 are individuals and entities, including parents, subsidiaries, employees, agents, contractors, or sub-contractors of SCE, whose identities are currently not known and who are responsible for the damages caused to the United States as alleged herein.

## JURISDICTION AND VENUE

5. This action seeks damages caused by the Creek Fire and arises under federal and California law, including federal and state common law; California Health and Safety Code §§ 13007-13009.1; California Public Resources Code §§ 4292, 4293, 4421, and 4435; California Public Utilities Code §§ 451 and 2106; California Civil Code §§ 1714(a) and 3287; Title 36 of the Code of Federal Regulations §§ 261.5, 261.9, and

---

[1] Edison International and Southern California Edison, 2022 Annual Report (Form 10-K), at 143 (Mar. 17, 2023).

261.10; and 31 U.S.C. §§ 3711 and 3717.

6. The jurisdiction of this Court is invoked under 28 U.S.C. § 1345, in that the United States is the plaintiff.

7. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the events giving rise to the United States' claims occurred in the Central District of California, Defendant SCE has its principal place of business within the Central District of California, and all Defendants are doing business within, and have sufficient contacts with, the Central District of California.

## GENERAL ALLEGATIONS

### I. Wildfire Risk in California

8. According to SCE, "Wildfires have always been a part of California's landscape due to the state's geography, ecology, and weather patterns. Recent experience, however, suggests that intense, devastating wildfires are here to stay."[2] SCE reported to state regulators that in 2015, 5,143 fires burned about 307,598 acres in California, but by 2017, that number had increased to 7,117 fires burning 505,956 acres.[3]

9. According to SCE: "California's wildfire risk has increased in recent years due to climate change, drought, and other factors such as increased development in the wildland-urban interface and significant build-up of fuel, including on federal and state forest lands. The full magnitude of the increased threat and the significance of its consequences did not become apparent until 2017, when California experienced five of

---

[2] Letter from Gary A. Stern, Ph.D., SCE Managing Director, State Regulatory Operations, to CPUC, re: Request for Z-Factor Recovery of the Revenue Requirement Associated with Incremental Wildfire-Related Liability Insurance (Mar. 14, 2018), at 4, available at: https://s3.amazonaws.com/cms.ipressroom.com/405/files/202210/3768-E-Part-1of-1.pdf (last accessed May 16, 2023).

[3] Application of Southern California Edison Company (U 338-E) for Authority to Establish the Wildfire Expense Memorandum Account, Application 18-04-XXX (Apr. 3, 2018), at 7 (citing Cal Fire incident information), available at SCE's Wildfires Document Library, https://www.edison.com/investors/southern-california-wildfires/document-library (last accessed on May 16, 2023).

3

the most destructive fires in its history."[4]

## II. The Creek Fire

10. The Creek Fire ignited on Tuesday, December 5, 2017 within or adjacent to the Angeles National Forest in or near Little Tujunga Canyon.

11. Prior to ignition, the National Weather Service issued "Red Flag Warnings" for the region for December 2-7, 2017 due to dry and gusty Santa Ana winds.[5] A Red Flag Warning "means warm temperatures, very low humidities, and stronger winds are expected to combine to produce an increased risk of fire danger."[6]

12. In response to the weather conditions, "SCE initiated proactive measures over the weekend [of December 2-3, 2017] as weather forecasts indicated elevated fire risks."[7] SCE's proactive measures "included the mobilization of a full Incident Management Team, the pre-staging of critical field personnel and the implementation of measures to mitigate impacts of high winds."

13. On December 5, 2017, at approximately 3:44 a.m., the Angeles Emergency Communication Center was notified of burning near Little Tujunga Canyon Road and Gold Creek Road. At approximately 3:58 a.m., an Angeles National Forest Battalion Chief arrived on the scene and reported a fire of more than 100 acres rapidly spreading. At around 4:00 a.m., fire resources began arriving on the scene and encountered strong

---

[4] Southern California Edison Company's (U 338-E) 2019 Wildfire Mitigation Plan, *In re Order Instituting Rulemaking to Implement Electric Utility Wildfire Mitigation Plans Pursuant to Senate Bill 901* (2018). R 18-10-007 (Feb. 6, 2019), at 7 available at: available at SCE's Wildfires Document Library, https://www.edison.com/investors/southern-california-wildfires/document-library (last accessed on May 16, 2023).

[5] Associated Press, "Santa Ana Winds to Bring Fire Danger to Southern California" (Dec. 2, 2017), available at: https://www.nbclosangeles.com/news/santa-ana-winds-to-bring-fire-danger-to-southern-california/28481/ (last accessed on May 15, 2023).

[6] National Weather Service website, available at: https://www.weather.gov/mqt/redflagtips (last accessed on May 16, 2023).

[7] SCE Press Release, "Southern California Edison Responds to Wildfires in Service Territory" (Dec. 5, 2017), available at: https://newsroom.edison.com/releases/southern-california-edison-responds-to-wildfires-in-service-territory-6658062 (last accessed on May 15, 2023).

gusty winds and extreme fire behavior with rapid rates of spread. At approximately 5:11 a.m., the Creek Fire had grown to approximately 400-500 acres in size and by 6:23 a.m. had grown to 2,500 acres in size. Mandatory evacuations of Tujunga Canyon, Lopez Canyon, and Kagel Canyon were initiated.

14. Fire investigators noted that the area near Little Tujunga Canyon Road near mile marker 15.40 represented a "complex fire environment where rates of spread, intensity, direction of spread, and present of spot fires all varied from one moment to the next." Fire investigators noted that "[o]ne factor contributing to these local conditions was a powerful northeast wind interacting with a confluence of steep and narrow drainages causing swirling winds and eddies." The fire investigators further noted that "[a]nother factor was the rugged topography presenting frequent changes in slop and rock slides providing barriers to fire spread."

15. On December 5, 2017, Governor Edmund G. Brown, Jr. declared a State of Emergency in Los Angeles County due to the Creek and Rye Fires.[8]

16. The United States is informed and believes that the Creek Fire ignited when power lines and equipment SCE owned, maintained, and operated ignited dry vegetation. According to a letter that SCE submitted to the California Public Utilities Commission (CPUC), "SCE personnel patrolled the circuit and noted a fuse operation and damaged service wire to a structure that had been consumed by the fire."[9] SCE also reported that the Creek Fire "damaged 50 poles and over a mile of conductor and overhead communication cable that required replacement." SCE further reported that it was evaluating activity on its circuit, "including a branch line fuse operation outside the vicinity of the origin of the fire and elevated amperage readings on the circuit on

---

[8] Available at: https://www.ca.gov/archive/gov39/2017/12/05/news20085/index.html (last accessed on May 15, 2023).

[9] Letter from Scott Hayashi, Senior Advisor, SCE, to Public Utilities Commission, State of California, dated December 11, 2020, available at SCE's Wildfires Document Library, https://www.edison.com/investors/southern-california-wildfires/document-library (last accessed on May 15, 2023).

1  December 5, 2017."

2  17.   According to SCE, "Multiple factors contribute to wildfires across SCE's
3  service area and throughout California. These include: the buildup of dry vegetation in
4  areas severely impacted by years of historic drought; the failure of multiple responsible
5  parties to clear the buildup of hazardous fuels; increasing temperatures; lower humidity;
6  and strong Santa Ana winds."[10]

7  18.   The SCE power lines and equipment that caused the Creek Fire were part of
8  an electrical distribution and transmission system, which includes hardware, fixtures,
9  devices, poles, structures, components, power stations, substations, easements, and
10 rights-of-way, and which SCE owned, designed, constructed, installed, inspected,
11 maintained, and/or controlled. SCE reported in a letter to CPUC that "SCE has a
12 distribution circuit, the Lopez 16 kV circuit out of San Fernando Substation, in the
13 general area" of the 2017 Creek Fire in Sylmar.

14 19.   SCE had non-delegable statutory and regulatory duties to properly inspect
15 and maintain its power lines and equipment to ensure that they were safe and clear from
16 dangerous conditions. Specific non-delegable duties are set forth in California Public
17 Resources Code § 4293, regulations promulgated thereunder, and General Order No. 95.
18 General Order No. 95 contains rules for overhead electric line design, construction, and
19 maintenance by the CPUC.

20 20.   The power lines and equipment which ignited the Creek Fire are a "device
21 which may kindle a fire" within the meaning of California Public Resources Code
22 § 4435.

23 21.   Pursuant to California Public Resources Code § 4435, the ignition of the
24 Creek Fire is *prima facie* evidence of SCE's negligence in the maintenance, operation, or
25 use of the power lines and equipment.

---

[10] SCE Press Release, "SCE, Local Public Entities Settle 2017, 2018 Wildfire And Debris Flow Claims" (Nov. 13, 2019), available at: https://newsroom.edison.com/releases/sce-local-public-entities-settle-2017-2018-wildfire-and-debris-flow-claims (last accessed May 15, 2023).

22. SCE violated laws and regulations in its operation, inspection, maintenance and repair of its power lines and equipment, and such violations caused the Creek Fire.

23. Causing timber, trees, brush, or grass to burn except as authorized by permit is prohibited by law, including 36 C.F.R. § 261.5(c) and California Public Resources Code § 4421. Ignition of the Creek Fire was not authorized by permit or by the United States. Carelessly or negligently causing a fire that is not a prescribed fire that damages the National Forest System is prohibited by 36 C.F.R. § 261.5.

24. The Creek Fire burned approximately 15,000 acres of land, including approximately 7,700 acres of National Forest System lands in the Angeles National Forest in Los Angeles County. The fire is also believed to have destroyed at least 60 private homes and 63 private structures, and damaged at least an additional 55 homes and 26 structures.

25. The Forest Service suppressed the Creek Fire at a substantial cost to the United States. As a result of its efforts to extinguish the Creek Fire, the Forest Service sustained fire-suppression costs in excess of $3 million, and restoration and rehabilitation costs in excess of $40 million. The United States also incurred intangible environmental damages and other costs, in an amount to be determined at trial.

26. The damages to the United States includes mitigation, rehabilitation, and reforestation of burned areas; loss of and damage to timber, habitat, wildlife, watershed, and earth protection; loss of and damage to scenic and aesthetic values and views; environmental damages; loss of use and recreation; and soil damage and erosion.

**III.  Special Use Permit**

27. SCE operated and maintained the power lines and equipment that caused the Creek Fire pursuant to a Special Use Permit ("SUP") from the Forest Service. Attached hereto as **Exhibit 1** is a true and correct copy of the SUP.

28. SCE accepted all of the terms and conditions contained in the SUP. Under the SUP, SCE is strictly liable to the United States, obligated to indemnify the United States for any damage that its power lines and equipment caused, and liable to the United

States for its negligence. The SUP imposed various duties and obligations on SCE, including:

    a. Pursuant to provision IV(E), SCE assumed "all risk of loss associated with use or occupancy of the permit area," including fire and any fire-fighting activities, winds, falling limbs or trees, and other forces of nature.

    b. Pursuant to provision IV(F), SCE had an "affirmative duty to protect from damage the land, property, and other interests of the United States," including fire suppression costs.

    c. Pursuant to provision IV(H), SCE was obligated to "indemnify, defend, and hold harmless the United States for any costs, damages, claims, liabilities, and judgments arising from past, present, and future acts or omissions of the holder in connection with the use or occupancy authorized by this permit."

    d. Pursuant to provision IV(K), SCE was obligated to "have in force liability insurance covering losses, including those arising from strict liability, associated with the use or occupancy authorized by this permit arising from personal injury or death and third-party property damage in the minimum amount of $1,000,000 as a combined single limit per occurrence."

29. At all times material to this action, the SUP constituted a valid and enforceable license between the United States and SCE.

**IV. Related Litigation**

30. On December 13, 2019, the United States filed suit in *United States of America v. City of Los Angeles, acting by and through the Los Department of Water and Power, and Does 1 to 10*, No. 2:19-cv-10262-MWF-E (C.D. Cal.), seeking to recover damages caused by the Creek Fire. The defendant answered the complaint on November 19, 2020, and the case proceeded to discovery soon after. As part of discovery in that

1 action, SCE produced thousands of pages of documents in July 2022 in response to a
2 subpoena served by the United States. SCE's document productions included documents
3 that were not previously produced to the United States. In connection with filing the
4 present lawsuit against SCE, the United States is dismissing the action against the City
5 of Los Angeles.

6      31.    There are several state court actions filed by insurance carriers, individuals,
7 and entities arising out of the Creek Fire. Those complaints initially named the Los
8 Angeles Department of Water and Power as a defendant. However, a number of
9 plaintiffs in the state court actions amended their complaints or filed new complaints
10 adding as a defendant Southern California Edison and Edison International. *See*
11 *generally In re Creek Fire Litigation, Sheila Aguilar, et al. v. Los Angeles Department of*
12 *Water and Power, et al.*, Lead Case No. 18STCV03092 (Cal. Super. Ct., L.A. Cty.).

13      32.    The state court plaintiffs filed master complaints on April 18, 2022. The
14 Subrogation Plaintiffs' Master Complaint ("Subro. Master Compl.") alleges, among
15 other things:

- "In the early morning hours of December 5, 2017, the SCE infrastructure in the vicinity of the origin of the Creek Fire suffered multiple elevated amperage/fault events which caused operation of fuse(s) and were recorded on SCE's own smart meter, SCADA, and/or switching data. The timing of these elevated amperage/fault events coincides with a bright flash of light recorded on security cameras in the area, which recorded this flash from arcing of SCE infrastructure. This arcing event ignited ground vegetation, starting the Creek Fire that damaged the property of Subrogation Plaintiffs' insureds." Subro. Master Compl. ¶ 25.

- "Despite SCE having data that its infrastructure in the vicinity of the origin of the Creek Fire suffered multiple elevated amperage/fault events which caused operation of fuse(s) at or around the start time of

     the Creek Fire, SCE failed to make any report whatsoever to the PUC [California Public Utilities Commission] until December of 2020, after it was named in this [state] lawsuit." Subro. Master Compl. ¶ 26.

- "A review of the data provided by SCE to public fire investigators following the Creek Fire shows that SCE failed to disclose the data showing that its infrastructure in the vicinity of the origin of the Creek Fire suffered multiple elevated amperage/fault events which caused operation of fuse(s). More complete data was subsequently produced to Subrogation Plaintiffs as part of this litigation, thereby allowing anyone to plainly see that SCE did not disclose these elevated amperage/fault events to public investigators or the PUC. Moreover, the data provided to the public fire investigators stops at 3:20 am, just before the elevated amperage/fault events occurred on the SCE system. Hence, the public investigators charged with conducting a complete and objective investigation did not receive an accurate account of the significant electrical anomalies that occurred on SCE's equipment at or shortly before the start of the Creek Fire." Subro. Master Compl. ¶ 27.

The United States incorporates these allegations upon information and belief, including based upon deposition testimony taken of SCE witnesses regarding the Creek Fire and documents produced by SCE regarding the Creek Fire.

**V. 2017-2018 Wildfires in Southern California**

  33. The Creek Fire was one of several wildfires in SCE's service territory in late 2017 and early 2018. According to the CPUC, the "Rye, Meyers, Liberty, and Thomas Fire ignited across several parts of SCE's service territory in December 2017."[11]

---

[11] CPUC Press Release, "CPUC Penalizes SCE for 2017 - 2018 Wildfires" (Dec. 16, 2021), available at: https://www.cpuc.ca.gov/news-and-updates/all-news/cpuc-penalizes-sce-for-2017-2018-wildfires (last accessed May 15, 2023).

CPUC's Safety and Enforcement Division investigated these "fires and the involvement of SCE's infrastructure [and] found multiple violations of General Order 95, a CPUC regulation that sets forth safety factors and strength requirements in the design, construction, and maintenance of overhead electrical lines and communications facilities." CPUC entered into a settlement with SCE regarding the violations pertaining to these fires.

34. In a 2019 press release regarding the settlement, SCE stated that it "has taken substantial steps to reduce the risk of fires caused by its electrical equipment in the changing, high fire risk areas in its service territory. SCE is investing hundreds of millions of dollars implementing enhanced plans to more safely and reliably provide power to millions of homes and businesses by employing design and construction standards, vegetation management practices and other operational practices to mitigate wildfire risk."[12] SCE also stated, "A key element of the plan includes reducing the risk of sparks that can ignite fires by replacing overhead power lines in high fire risk areas with insulated wire (often referred to as covered conductor)." SCE indicated that it plans to install thousands of miles of insulated wire in the coming years.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Negligence and Negligence *Per Se* – Against All Defendants)

35. The United States realleges the allegations contained in paragraphs 1 through 34 above.

36. At all times relevant to this action, SCE breached its duty of care and was negligent in causing the Creek Fire, including its failure to construct, maintain, and operate its power lines and equipment in a safe and effective working order prevent fires and damage to the land and property of adjacent landowners, including the United States.

---

[12] SCE Press Release, "SCE, Local Public Entities Settle 2017, 2018 Wildfire And Debris Flow Claims" (Nov. 13, 2019), available at: https://newsroom.edison.com/releases/sce-local-public-entities-settle-2017-2018-wildfire-and-debris-flow-claims (last accessed May 15, 2023).

37. Amongst other acts and omissions, SCE breached its duty to use due care and caution in the design, construction, and maintenance of the SCE power lines and equipment in the area of the origin of the Creek Fire.

38. SCE violated its general, statutory, and regulatory duties by failing to properly construct and maintain its power lines and equipment, including in accordance with the requirements of General Order No. 95, maintain proper vegetation clearance around and below its power lines, and using a device, including its power lines and equipment, which may cause a fire and failure to take reasonable precautions to avoid starting and spreading a fire.

39. The United States and its constituent citizens are one of the classes of persons that California Public Resources Code §§ 4292, 4293, and 4294, California Public Utilities Code § 451, General Order No. 95, including Rules 31.1, 31.2, and 35 promulgated by the CPUC, and California Health and Safety Code § 13001 was intended to prevent. SCE's violation of such provisions constitutes negligence *per se* and was a substantial factor in causing the United States' damages as alleged herein. SCE is liable for such damages, in an amount to be proven at trial.

40. SCE's negligent acts, omissions, and violations of law caused the Creek Fire to ignite and proximately caused the damages the United States sustained.

41. SCE is responsible for all costs and damages caused by their own negligence, including those under common law and California Civil Code § 1714.

42. SCE's negligence, on its own and through its agents and employees, was the proximate cause of the Creek Fire.

43. As a result of SCE's negligence, the United States incurred damages in an amount to be established at trial. SCE is liable for such damages.

12

## SECOND CLAIM FOR RELIEF

**(Cal. Health & Safety Code §§ 13001, 13007-13009.1,**

**and California Civil Code § 3287 – Against All Defendants)**

44. The United States realleges the allegations contained in paragraphs 1 through 43 above.

45. On December 5, 2017, SCE negligently and in violation of law, ignited the Creek Fire, thereby setting fire to or allowing fire to be set to National Forest System lands within the Angeles National Forest.

46. The Creek Fire destroyed property of the United States and caused the United States to incur fire suppression costs, rehabilitation costs, resource damages, and other damages, including intangible damages to the environment, to be established at trial.

47. SCE is liable for all damages to the United States resulting from the Creek Fire, including its fire suppression costs, damages for injury to federal property, and the United States' administrative, investigative, accounting, and collection costs, under California Health & Safety Code §§ 13001, 13007-13009.1, and California Civil Code § 3287, in an amount to be established at trial.

## THIRD CLAIM FOR RELIEF

**(Cal. Public Resources Code § 4435 – Against SCE)**

48. The United States realleges the allegations contained in paragraphs 1 through 47 above.

49. Pursuant to California Public Resources Code § 4435, the origination of the Creek Fire from SCE's operation and use of the power lines and equipment in the Angeles National Forest is prima facie evidence of SCE's negligence in the maintenance, operation, or use of its power lines and equipment. SCE's negligence was a substantial factor in proximately causing the damages the United States sustained as a result of the Creek Fire.

50. As a result of SCE's negligence, the United States incurred damages in an amount to be established at trial. SCE is liable for such damages.

## FOURTH CLAIM FOR RELIEF

### (Trespass by Fire – Against All Defendants)

51. The United States realleges the allegations contained in paragraphs 1 through 50 above.

52. On December 5, 2017, SCE negligently and/or in violation of law, ignited the Creek Fire, which spread onto the Angeles National Forest, thereby setting fire to or allowing a fire to be set to National Forest System lands.

53. The Creek Fire damaged and destroyed property of the United States, including causing damage to approximately 7,700 acres of National Forest System lands on the Angeles National Forest in Los Angeles County.

54. As a result of the Creek Fire's trespass upon the National Forest System lands, the United States has incurred damages in an amount to be established at trial, including fire suppression costs, costs to rehabilitate the area, wrongful injury to the United States' trees, timber and vegetation damage, the costs for reforestation of the area, environmental damages, and damages to the habitats of wildlife in the area. SCE is also liable to the United States for wrongful injury to its timber, trees, and underwood pursuant to California Civil Code § 3346. SCE is liable for such damages.

## FIFTH CLAIM FOR RELIEF

### (Strict Liability Pursuant to the Special Use Permit – Against SCE)

55. The United States realleges the allegations contained in paragraphs 1 through 54 above.

56. SCE is strictly liable to the United States pursuant to the SUP without proof of negligence or proof that SCE is otherwise at fault, for all damages to federal property or resources and for all federal fire suppression costs the damages or loss the United States suffered as a result of the Creek Fire, in an amount to be established at trial.

## SIXTH CLAIM FOR RELIEF

**(Indemnity Pursuant to the Special Use Permit – Against SCE)**

57. The United States realleges the allegations contained in paragraphs 1 through 56 above.

58. SCE agreed, among other obligations, to be subject to and abide by the SUP terms and conditions. Specifically, SCE agreed to compensate the United States for all damages resulting directly or indirectly from its use and occupancy of the area covered by the permit, including the power lines and equipment within the Angeles National Forest. Such damages include damages to the National Forest System lands and resources, and suppression costs and emergency rehabilitation costs.

59. The SUP created a right of indemnity for the United States against SCE.

60. The Creek Fire resulted from and related to SCE's use and occupancy of the area covered by the SUP, including the power lines and equipment within the Angeles National Forest.

61. Under the terms of the SUP, SCE is liable to the United States for the United States' damages resulting from the Creek Fire, in an amount to be established at trial.

## SEVENTH CLAIM FOR RELIEF

**(Breach of Special Use Permit – Against SCE)**

62. The United States realleges the allegations contained in paragraph 1 through 61 above.

63. Title 36 of the Code of Federal Regulations, Section 261.10 prohibits the violation of any term or condition of a special-use authorization, contract, or approved operating plan.

64. SCE breached its obligations to the United States under the SUP in connection with the Creek Fire, including its obligation protect the land and property of the United States from damage, and to indemnify the United States for damage to property arising from SCE's occupancy and use of National Forest lands.

65. As a result of these breaches by SCE, the United States incurred damages in an amount to be established at trial. SCE is liable to the United States for these damages.

## EIGHTH CLAIM FOR RELIEF
### (Interest and Penalties)

66. The United States realleges the allegations contained in paragraphs 1 through 65 above.

67. Pursuant to California Health and Safety Code §§ 13009 and 13009.1, and Title 31, United States Code, § 3717, the United States is entitled to recover its administrative, investigative, accounting and collection costs, as well as interest, late payment, and penalty charges, in addition to its resource damages and fire suppression costs arising from the Creek Fire.

68. The United States has demanded that SCE pay the costs and damages incurred by the United States due to the Creek Fire. SCE has not done so or agreed to do so.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays for judgment against Defendants as follows:

1. For damages in an amount to be determined at trial against Defendants for damage to real and personal property, fire-suppression costs, resource damages, and any and all other recoverable damages arising out of the Creek Fire, including the costs of rehabilitation, restoration, and reforestation of burned areas; loss of timber, vegetation, and habitat; damage to soil and other matters; loss of use, scenic views, and aesthetic values; other environmental damages; investigation costs; and administration costs;

2. For double or triple damages for wrongful injury to the United States' timber, trees, and underwood pursuant to California Civil Code § 3346;

3. For interest and penalties allowable under the law;

4. For costs of suit; and

5. For such other and further relief as this Court deems just and proper.

Dated: June 7, 2023

Respectfully submitted,

JOSEPH T. MCNALLY
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

*/s/ Paul B. Green*
PAUL B. GREEN
ZAKARIYA K. VARSHOVI
Assistant United States Attorneys

Attorneys for Plaintiff
United States of America

## **DEMAND FOR JURY TRIAL**

The United States hereby demands a jury trial in this case.

Dated: June 7, 2023

Respectfully submitted,

JOSEPH T. MCNALLY
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

*/s/ Paul B. Green*
PAUL B. GREEN
ZAKARIYA K. VARSHOVI
Assistant United States Attorneys

Attorneys for Plaintiff
United States of America